SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
D. J. Baker (JB 0085)
Frederick D. Morris (FM 6564)
Four Times Square
New York, New York 10036-6522
(212) 735-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
In re                                 :  Chapter 11
                                      :
RCN CORPORATION, et al.,              :  Case No. 04-13638 (RDD)
                                      :
            Debtors.                  :  (Jointly Administered)
                                      :
------------------------------------- x
                                      :
RCN CORPORATION and                   :
RCN CABLE TV OF CHICAGO, INC.,        :
                                      :
            Plaintiffs                :
                                      :
        v.                            :  Adv. No. 04-03666 (RDD)
                                      :
CITY OF CHICAGO,                      :
                                      :
            Defendant.                :
------------------------------------- x

**MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS
105(a) AND 107(b) AND BANKRUPTCY RULE 9018 FOR ORDER
AUTHORIZING DEBTORS TO FILE UNDER SEAL DARK FIBER IRU
AGREEMENT WITH THE CITY OF CHICAGO**

RCN Corporation ("RCN") and certain of its direct and indirect

subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collec-

tively, the "Debtors"), hereby submit this motion for entry of an order under 11 U.S.C. §§ 105(a) and 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to file, under seal, the Dark Fiber IRU Agreement (the "Dark Fiber Agreement") relating to the Debtors' motion (the "Settlement Motion") for an order approving a settlement agreement (the "Agreement") between RCN Corporation ("RCN"), RCN Cable TV of Chicago, Inc. ("RCN-Chicago"), and the City of Chicago (the "City," and with RCN and RCN-Chicago, collectively, the "Parties").  The Settlement Motion sets forth the Debtors' request for approval of an agreement resolving the disputes between the City, RCN and RCN-Chicago with respect to the matters set forth in the Agreement and the Settlement Motion.  In support of the Motion, the Debtors respectfully represent as follows:

## INTRODUCTION

1.Contemporaneously with the filing of this motion, the Debtors filed their Settlement Motion, seeking approval of the Agreement.  The factual allegations relied on in support of the Settlement Motion are incorporated by reference herein.

2.As part of the Agreement, and as discussed more fully in the Settlement Motion, the Parties have entered into a Dark Fiber IRU Agreement (the "Dark Fiber Agreement").  The Parties acknowledged in the Agreement that the Dark

Fiber Agreement and its attachments (the "Confidential Material") contain commercial information that is proprietary, confidential and highly sensitive. See Agreement § 3.A.iv. Moreover the Parties agreed that the Confidential Material would be submitted to the Court under seal. Therefore, the Debtors have filed this motion, seeking to file the Confidential Material under seal and to make such material available only to the limited number of parties set forth herein.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4.  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 107(b).

## RELIEF REQUESTED

5.  By this motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Debtors to file the Confidential Material under seal in the Debtors' cases in order to maintain the confidentiality of the information contained in those materials to the extent not already described and disclosed in the Settlement Motion.

**BASIS FOR RELIEF**

6.  As part of the settlement with the City, approval of which RCN and RCN-Chicago are seeking through the Settlement Motion, RCN and RCN-Chicago entered into the Dark Fiber Agreement. As noted above, the Dark Fiber Agreement contain proprietary, confidential and highly sensitive, confidential commercial information regarding, <u>inter alia</u>, the network currently maintained by RCN-Chicago, disclosure of which would cause significant harm to the Debtors and to the City.

7.  Indeed, in the Agreement the parties acknowledge as much. Specifically, the Agreement provides, in relevant part:

> The Parties agree that the . . . [Dark Fiber] Agreement contains highly sensitive and confidential information, the release of which would be detrimental to both RCN and to the City, that it shall therefore be submitted to the . . . Court under seal and/or with appropriate and necessary redactions to the confidential information, and that both Parties will support the need for confidentiality.

Agreement § 3.A.iv. As such, the Debtors have agreed with the City to seek authority to file the Confidential Material under seal and to provide for only limited disclosure and service of such documents.

8.  The Confidential Material contains, among other things, highly sensitive, confidential commercial information regarding the cable system maintained by RCN-Chicago. Specifically, the Confidential Material contains detailed, proprietary information describing the specifications for RCN-Chicago's

4

cable network. This information is customarily considered by RCN-Chicago to be highly-sensitive and confidential information not typically disclosed to the public or made available to other competing cable companies.

9. In addition, the City has expressed its desire to keep information relating to this cable system confidential for a number of reasons, including the reasons set forth by the Debtors and other security concerns.

10. While certain information concerning the Dark Fiber Agreement is generally described in the Settlement Motion, given the highly competitive nature of the telecommunications industry, and the other concerns expressed by the City, it is of the utmost importance to the Debtors and the City that the details of the Dark Fiber Agreement set forth in the Confidential Material be kept confidential so that competitors and/or others may not use the information contained therein to gain a strategic advantage over the Debtors in the marketplace or cause any harm.

11. Disclosure of the Confidential Material is not necessary for the protection of the public, creditors of the Debtors or third parties because (a) the documents containing such materials are subject to the Court's approval, (b) the Debtors propose to provide copies of the Confidential Material to certain parties in interest in these cases as described herein and (c) the Settlement Motion describes the Agreement and the Dark Fiber Agreement in appropriate and sufficient detail.

12. The Debtors propose that the Confidential Material (and any confidential information derived from the Confidential Material) remain confidential, be filed under seal and be served on and made available only to (i) the United States Trustee for the Southern District of New York, (ii) counsel to the Committee, (iii) counsel to any other statutory committee appointed in these chapter 11 cases and (iv) such other parties as ordered by the Court or agreed to by the Debtors and the City.

## APPLICABLE AUTHORITY

13. Bankruptcy Code section 107(b) provides the Court with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

14. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b) and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or]

6

(2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018.

15.  The Second Circuit has held that Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 (Bankr. S.D.N.Y. 2003).  In addition, the Second Circuit has held that a party seeking the sealing of information is only required to show that the information is confidential and commercial, and no showing of "good cause" is necessary.  Video Software Dealers Assoc., 21 F.3d at 28.

16.  The Debtors believe that the information in the Dark Fiber Agreement, including the exhibits thereto, is confidential and proprietary.  The disclosure of such information could result in significant harm to the business operations of RCN-Chicago and other Debtors.  Accordingly, the Court should enter the proposed form of order annexed hereto sealing the Dark Fiber Agreement and the information contained therein.

7

17. The Debtors submit that no new or novel issue of law is presented with respect to the matters contained herein. Because the relevant authorities in support of the requested relief are cited in this motion, the Debtors request that the requirement of the service and filing of a separate memorandum of law under Local Bankr. R. 9013-1(b) be deemed satisfied.

18. Pursuant to Bankruptcy Rule 9018, the Debtors submit no notice of this motion need be provided.

WHEREFORE, the Debtors respectfully request the Court enter an order (a) authorizing the Debtors to file the Confidential Material under seal and (b)

8

granting such other and further relief as the Court deems just or proper.

Dated: New York, New York
November 19, 2004

        SKADDEN, ARPS, SLATE, MEAGHER
           & FLOM LLP


 /s/ D. J. Baker
D. J. Baker (JB 0085)
Frederick D. Morris (FM 6564)
Four Times Square
New York, New York  10036-6522
(212) 735-3000

John K. Lyons
Samuel Ory
333 West Wacker Drive
Chicago, Illinois 60606-1285
(312) 407-0700

Anthony W. Clark
Eric M. Davis
Mark L. Desgrosseilliers
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

SWIDLER BERLIN SHEREFF FRIEDMAN, LLP
Jean L. Kiddoo
L. Elise Dieterich
3000 K Street, NW, Suite 300
Washington, DC 20007-5116
(202) 424-7500

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
: 
In re : Chapter 11
:
RCN CORPORATION, et al., : Case No. 04-13638 (RDD)
:
Debtors. : (Jointly Administered)
:
------------------------------------ x
:
RCN CORPORATION and :
RCN CABLE TV OF CHICAGO, INC., :
:
Plaintiffs :
:
v. : Adv. No. 04-03666 (RDD)
:
CITY OF CHICAGO, :
:
Defendant. :
------------------------------------ x

**ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL
DARK FIBER IRU AGREEMENT WITH THE CITY OF CHICAGO**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order under 11 U.S.C. §§ 105(a) and 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to file, under seal, the Dark Fiber IRU Agreement and its exhibits (the "Confidential Materials") relating to the Debtors' Motion for Approval of Settlement Agreement

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

between RCN Corporation, RCN Cable TV of Chicago, Inc., and the City of Chicago (the "Settlement Motion"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The Debtors, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, are authorized to file the Confidential Material under seal.

3. The Confidential Material (and any information derived from the Confidential Material) shall remain confidential, be filed under seal and shall be served on and made available only to (i) the United States Trustee, (ii) counsel to the Committee, (iii) counsel to any other statutory committee appointed in these chapter 11 cases and (iv) such other parties as ordered by the Court or agreed to by the Debtors and the City.

4. Any pleadings filed in these cases that reference or disclose any of the information contained in the Confidential Material (other than information

2

disclosed in the Settlement Motion) shall be filed under seal and served only on those parties authorized to receive the Confidential Material in accordance with this Order.

Dated: New York, New York
November ___, 2004

_____
Honorable Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE