Presentment Date: June 13, 2006 at 12:00 p.m. (ET)
Objection Deadline: June 12, 2006 at 4:00 p.m. (ET)

Susheel Kirpalani (SK 8926)
Jeffrey K. Milton (JM 8255)
MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Attorneys for RCN Corporation, et al.,
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------x
                                 :
In re:                           :  Chapter 11
                                 :
RCN CORPORATION, et al.,         :  Case No. 04-13638 (RDD)
                                 :
      Reorganized Debtors.       :  Jointly Administered
                                 :
---------------------------------x

**NOTICE OF PRESENTMENT OF MOTION FOR ENTRY OF
FINAL DECREE, PURSUANT TO 11 U.S.C. § 350(a) AND
FED. R. BANKR. P. 3022, CLOSING CHAPTER 11 CASES**

**PLEASE TAKE NOTICE** that the annexed proposed final decree (the "Final Decree") with respect to the annexed Motion For Entry Of Final Decree, Pursuant To 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 3022, Closing Chapter 11 Cases, dated May 16, 2006 (the "Motion") will be presented to the Honorable Robert D. Drain, United States Bankruptcy Judge, in room 610 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on June 13, 2006 at 12:00 p.m. (ET), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion and the relief to be granted therein and the Proposed Order shall be made in writing, shall state with particularity the grounds therefor and shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with General Order M-242 upon: (a) counsel to the Reorganized Debtors, Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Susheel Kirpalani, Esq. and Jeffrey K. Milton, Esq. and (b) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Paul Schwartzberg, Esq., so as to be actually received by **not later than 4:00 p.m. (ET) on June 12, 2006**.

**PLEASE TAKE FURTHER NOTICE** that in the event that an objection to the annexed Motion and proposed Final Decree is timely filed and served, a hearing will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on a date determined by the Court.

Dated: New York, New York  
      May 16, 2006

**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**

By: ___/s/ Jeffrey K. Milton_____  
Susheel Kirpalani (SK 8926)  
Jeffrey K. Milton (JM 8255)  
1 Chase Manhattan Plaza  
New York, New York 10005  
(212) 530-5000

Attorneys for RCN Corp., et al.,  
Reorganized Debtors

3

**Presentment Date: June 13, 2006 at 12:00 p.m.**
**Objection Deadline: June 12, 2006 at 4:00 p.m.**

Susheel Kirpalani (SK 8926)
Jeffrey K. Milton (JM 8255)
MILBANK, TWEED, HADLEY & M<u>c</u>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Attorneys for RCN Corporation, <u>et al.</u>,
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------x
:
In re:                            :    Chapter 11
:
RCN CORPORATION, <u>et</u> <u>al.</u>,         :    Case No. 04-13638 (RDD)
:
     Reorganized Debtors.        :    Jointly Administered
:
----------------------------------x

**MOTION FOR ENTRY OF FINAL DECREE, PURSUANT TO**
**11 U.S.C. § 350(a) AND FED. R. BANKR. P. 3022,**
<u>**CLOSING CHAPTER 11 CASES**</u>

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      RCN Corporation ("<u>RCN</u>") and its affiliated reorganized debtors in the above-captioned cases (collectively, the "<u>Reorganized Debtors</u>"), hereby submit this motion (the "<u>Motion</u>") for a final decree, pursuant to section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>") and rule 3022 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), closing the Reorganized Debtors' chapter 11 cases listed on <u>Exhibit A</u> attached hereto (collectively, the "<u>Chapter 11 Cases</u>"). In

support of this Motion, the Reorganized Debtors respectfully represent as follows:

## BACKGROUND

1. Chapter 11 Filings. On May 27, 2004, RCN, TEC Air, Inc., RLH Property Corporation, RCN Finance, LLC, and Hot Spots Productions, Inc. filed in this Court voluntary petitions for relief under the Bankruptcy Code. On August 5, 2004, RCN Cable TV of Chicago, Inc. commenced its chapter 11 case in this Court. On August 20, 2004, RCN Telecom Services of Virginia, Inc., RCN Entertainment, Inc., 21st Century Telecom Services, Inc., and ON TV, Inc. commenced their chapter 11 cases in this Court.

2. Creditors' Committee. On June 10, 2004, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee"). The duties of the Creditors' Committee terminated as of the Effective Date (as defined below) except for limited purposes as outlined in the Plan (as defined below). No other official committees have been appointed or designated in these cases.

3. Plan of Reorganization. On October 12, 2004, the Reorganized Debtors filed their Joint Plan of Reorganization of RCN Corporation and Certain Subsidiaries (the "Plan"). On December 8, 2004, this Court entered an order confirming the Plan, and on December 21, 2004, the effective date occurred.

4. <u>Administration of the Estates</u>. As of the date of this Motion, all disputed claims have been resolved and substantially all distributions required under the Plan have been made. Any remaining distributions are de minimus and expected to be made shortly. The Reorganized Debtors' estates have been substantially fully administered.

5. <u>Statutory Fees</u>. The Reorganized Debtors will have paid prior to the presentment of the proposed final decree closing the Chapter 11 Cases all required statutory fees and expenses arising from the administration of their respective estates.

6. <u>Matters Before Court</u>. All matters, other than this Motion, which were before this Court in these Chapter 11 Cases have been resolved. The Reorganized Debtors expect that no additional matters will be filed.

**RELIEF REQUESTED**

7. By this Motion, the Reorganized Debtors request entry of a final decree, substantially in the form attached hereto as <u>Exhibit B</u>, closing the Chapter 11 Cases.

**BASIS FOR REQUESTED RELIEF**

8. Section 350(a) of the Bankruptcy Code provides that "[a]fter the estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which provides procedural guidelines for closing chapter 11 cases, states that "[a]fter an

3

estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. R. 3022.

9.  The fact that some Plan disbursements are outstanding should not prevent the Court from entering a final decree in these chapter 11 cases.  Indeed, the Advisory Committee Note to Bankruptcy Rule 3022 states "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed."  FED. R. BANKR. P. 3022, Advisory Committee's Note (1991).  See also In re Jay Bee Enter., Inc., 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) ("Rule 3022 allows the court flexibility.  It does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan . . . "); In re Jordan Mfg. Co., Inc., 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992) ("The Advisory Committee Notes to the current Bankruptcy Rule 3022 clearly indicate decrees should be entered in this situation . . .").

10. The Reorganized Debtors submit that the relief sought in this Motion is appropriate and warranted pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022. As indicated above, all relevant factors weigh in favor of granting the relief requested in this Motion.  First, all disputed claims have been resolved.  Second, substantially all distributions required under the Plan have been made, and any

4

remaining distributions are de minimus and expected to be made shortly.  Third, the Reorganized Debtors will have paid prior to the presentment of the proposed final decree closing the Chapter 11 Cases all required statutory fees and expenses arising from the administration of their respective estates.  Finally, all matters, other than this Motion, which were before this Court in these Chapter 11 Cases have been resolved, and the Reorganized Debtors do not expect any additional matters to be filed.  Thus, the Reorganized Debtors submit that their estates have been fully administered within the contemplation of section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 and submit that it is appropriate to close the Chapter 11 Cases.  Accordingly, the Reorganized Debtors respectfully request that the Court approve this Motion and enter a final decree closing the Chapter 11 Cases.

### **WAIVER OF MEMORANDUM OF LAW**

11.    The Reorganized Debtors submit that no new or novel issue of law is presented with respect to the matters contained herein and respectfully request that the requirement of a separate memorandum of law under Local Bankruptcy Rule 9013-1(b) be waived.

### **NOTICE**

12.    Copies of this Application have been served upon (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg,

Esq.) and (ii) those entities that have formally requested receipt of pleadings in these cases pursuant to Bankruptcy Rule 2002.  In light of the relief requested herein, the Reorganized Debtors submit that no other or further notice is required.

WHEREFORE, the Reorganized Debtors respectfully request entry of a final decree, substantially in the form attached hereto as Exhibit B, closing the Chapter 11 Cases and granting the Reorganized Debtors such other and further relief as the Court may deem just and proper.

Dated: New York, New York         **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
       May 16, 2006

                                      By:___/s/ Jeffrey K. Milton_____
                                      Susheel Kirpalani (SK 8926)
                                      Jeffrey K. Milton (JM 8255)
                                      1 Chase Manhattan Plaza
                                      New York, New York 10005
                                      (212) 530-5000

                                      Attorneys for RCN Corp., et al.,
                                      Reorganized Debtors